
HENRY &
O'DONNELL
A Professional Corporation

Jeffery T. Martin, Jr.
E-mail: jtm@henrylaw.com

June 24, 2011

**SENT VIA HAND DELIVERY AND FIRST-CLASS MAIL**
Hoop Magic, LLC
c/o Curtis N. Symonds
14810 Murdock Street
Chantilly, Virginia 20151

**SENT VIA HAND DELIVERY, FACSIMILE AND EMAIL**
Madeline A. Trainor
Cyron & Miller, LLC
100 N. Pitt Street
Suite 200
Alexandria, Virginia 22314
Facsimile: (703) 299-0603
Email: mtrainor@cyronmiller.com

> RE:   In re Hoop Magic, LLC, Case No. 10-12159-RGM
> NOTICE TO VACATE AND SURRENDER

Dear Mr. Symonds and Ms. Trainor:

Please be advised that Access National Bank is exercising its rights pursuant to the Bankruptcy Court Order entered on April 6, 2011 ("April 6 Order"), and Hoop Magic, LLC is hereby directed to turn over possession of the premises located at 14810 Murdock Street, Chantilly, Virginia 20151 ("Premises") as well as all inventory, equipment, fixtures and any other personal property located in or on the Premises ("Collateral") to Access National Bank on or before the close of business seven (7) days from the issuance of this letter, namely on or before July 1, 2011. A copy of the April 6 Order is attached hereto for your reference.

Failure to timely vacate the Premises and surrender the Collateral in violation of the April 6 Order will result in our seeking immediate emergency relief from the Bankruptcy Court.

Hoop Magic, LLC
Madeline A. Trainor
Curtis N. Symonds
June 24, 2011
Page 2


　　　　If you have any questions, please contact either Kevin O'Donnell or me at the number above.


　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　Jeff Martin


Enclosure
cc: Andrew Kalin, Senior Vice President

UNITED STATES BANKRUPTCY COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In the Matter of: | : |
| | : |
| **HOOP MAGIC, LLC,** | :  **Chapter 11** |
| | :  **Case No. 10-12159-RGM** |
| Debtor. | : |
| | : |
| ——————————————— | : |
| | : |
| **ACCESS NATIONAL BANK,** | : |
| | : |
| Movant, | : |
| v. | : |
| | : |
| **HOOP MAGIC, INC.,** | : |
| | : |
| Defendant. | : |
| | : |

### ORDER

THIS MATTER having come before the Court on the motion of Access National Bank ("ANB") for Relief from the Automatic Stay ("Motion") pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001(a), to permit ANB to enforce its lien against certain personal property of the Debtor and to recover possession of certain real property currently being occupied by the Debtor.

AND IT APPEARING that the Debtor is currently operating a basketball recreation and training facility at certain nonresidential real property located at 14810 Murdock Street, Chantilly, Virginia (the "Premises"), and that the Premises are owned by Patricia, LLC ("Patricia"), a Chapter 11 debtor in Case No. 10-12157 (the "Patricia Bankruptcy Case") and that the Premises are further subject to a deed of trust in favor of ANB;[1]

---

[1] On December 16, 2010, this Court entered an order in the Patricia Bankruptcy Case granting ANB conditional relief from the automatic stay with respect to the Premises, with such relief conditioned upon either a payoff of ANB's claim against Patricia, LLC or the existence of a non-contingent contract for the purchase of the Premises by March 15, 2011. No payoff was effected and no contact generated by March 15, and the automatic stay thereafter terminated as to the Premises.

1

AND IT FURTHER APPEARING that the Debtor occupied the Premises subject to an oral lease between the Debtor and Patricia, and that neither the Debtor nor Patricia has timely moved to assume any lease of the Premises and therefore any such lease has been deemed rejected by operation of law pursuant to 11 U.S.C. § 365(d)(4);

AND IT FURTHER APPEARING that as security for repayment of certain indebtedness owed by the Debtor to ANB and pursuant to a certain Loan and Security Agreement executed by the Debtor (and certain other persons and entities), dated as of June 28, 2006 (the "Security Agreement"), that the Debtor granted and provided to ANB a security interest in and lien against all assets of the Debtor, including, among other things, all of Debtor's accounts receivable, deposit accounts, inventory, equipment, general intangibles, fixtures and other personal property of the Debtor, whether now owned or later acquired by Debtor, along with all proceeds of such property (hereafter, the "Collateral");

AND IT FURTHER APPEARING that ANB perfected its security interest in the Collateral by filing a UCC-1 Financing Statement with the Delaware Secretary of State on November 8, 2004, with a continuation statement being filed on November 3, 2009;

AND IT FURTHER APPEARING that the Debtor is in default with respect to repayment of the indebtedness, that no equity exists in the Collateral for the benefit of general creditors of this estate, and that Collateral is not necessary to any reorganization of the Debtor, and that good cause otherwise exists to grant the motion of ANB herein, it is hereby

ORDERED, that the automatic stay of 11 U.S.C. 362 is hereby terminated with respect to the Collateral, and ANB may enforce its rights with respect to such Collateral, including the repossession and recovery of such Collateral;

2

AND IT IS FURTHER ORDERED, that since any purported oral lease of the Premises has been deemed rejected by operation of law, the Debtor is required to comply with its obligations under 11 U.S.C. § 365(d)(4) and immediately vacate and surrender the premises, and ANB is granted relief from the automatic stay to recover possession of the Premises except as otherwise provided for herein;

AND IT IS FURTHER ORDERED, notwithstanding the relief provided ANB herein, that the Debtor shall continue in possession of the Premises and the Collateral, and shall continue to operate its business in the ordinary course subject to the following requirements:

a)  The Debtor shall not remove or cause to be removed any property of any kind from the Premises without the prior written consent of ANB;

b)  The Debtor shall maintain existing insurance coverage upon the Premises and the Collateral, as well as maintaining commercial liability and umbrella coverage with respect to the operation of the Debtor's business;

c)  The Debtor shall continue during its occupancy to make continuing monthly payments of adequate protection to ANB in amounts and as determined pursuant to that certain Final Stipulation and Consent Order Authorizing Interim Use of Cash Collateral as entered by this Court on July 26, 2010 (Dkt. #43);

d)  The Debtor shall cooperate fully with ANB, its brokers or agents, with respect to efforts of ANB to market the Premises and/or the Collateral for sale; and

e)  The Debtor shall turn over possession of the Premises and Collateral upon seven (7) days notice of ANB to vacate and surrender;

AND IT IS FURTHER ORDERED that should the Debtor fail to perform or observe any

obligation set forth above, then, ANB shall be entitled to immediate possession of the Premises

and the Collateral and may take steps to recover same without further order of this Court.

Date: _____ **Apr 6 2011** _____ , 2011

/s/ Robert G. Mayer
_____

Hon. Robert G. Mayer
**United States Bankruptcy Judge**

**I Ask For This:**                                    eod 4/6/11

/s/ Kevin M. O'Donnell
**Kevin M. O'Donnell, VSB # 30086**
**Bruce W. Henry, VSB #23951**
**Henry & O'Donnell, P.C.**
300 N. Washington Street, Suite 204
Alexandria, Virginia 22314
Telephone: 703-548-2100
Facsimile: 703-548-2105
Counsel to Access National Bank

**Seen and Agreed:**

/s/ Madeline A. Trainor
Madeline Trainor
CYRON & MILLER, LLP
100 N. Pitt Street
Suite 200
Alexandria, VA 22314
(703) 299-0600

4